

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00281-CV

## IN THE INTEREST OF A.S., J.S., A.S., AND D.S., CHILDREN

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV15247**

## ABATEMENT ORDER

The reporter's record in this appeal was originally due on September 2, 2016. In a letter dated September 14, 2016, the Clerk of this Court notified the court reporter, Sarah Mae Blackburn, that the reporter's record had not been filed. In response to the Clerk's letter, the Court learned that a different reporter, Mel Power, was responsible for the record in this appeal. In a letter dated September 15, 2016, Power requested an extension of time until September 27, 2016 to prepare and file the reporter's record. The Court granted the requested extension, but the reporter's record was not timely filed. In a letter dated October 27, 2016, Power requested a second extension of time until November 21, 2016 to prepare and file the reporter's record. The Court granted the requested extension,

but the reporter's record has not been timely filed.

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. TEX. R. APP. P. 28.4(b), 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id*. 35.3(c). Because appeals in parental termination cases are accelerated appeals with extremely short deadlines promulgated by the Supreme Court of Texas, *see* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2012), we cannot delay in ensuring that the appellate record is timely filed.

This appeal is ORDERED abated to the trial court to hold a hearing as soon as practicable but not later than 7 days after the date of this Order to determine:

(1) The reasons why the reporter's record is late; and

(2) A date certain when the reporter's record can reasonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellants of their right to appeal.

The trial court must order Mel Power to file the record by the date determined. Further, the trial court must inform Power of the consequences of failing to file the record by the date determined and ordered. Those consequences include:

(1) abating the proceeding again to the trial court for a contempt of court hearing;

(2) imposing a lump sum monetary fine;

(3) imposing a daily fine for each day the record is late beyond the date previously determined by the trial court; and

(4) confinement in jail until the record is completed.

The trial court shall require the hearing to be transcribed. To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must: (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to prepare and file a supplemental clerk's record containing the written findings and orders of the trial court in this Court within 14 days from the date of the hearing.

Further, the trial court's official reporter is ORDERED to prepare and file with the Clerk of this Court a record of the hearing held within 14 days from the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal abated
Order issued and filed December 7, 2016

